**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**HAYKEL AMMARI,**<br><br>　　　　　　　**Debtor** | **Chapter 7**<br>**Case No. 08-19347-FJB** |

**MEMORANDUM OF DECISION ON**
**TRUSTEE'S MOTION FOR CONTEMPT OF COURT ORDER AND FOR SANCTIONS**
**AND ON TRUSTEE'S APPLICATION FOR COMPENSATION**

On August 18, 2009, the Court ordered the debtor, Haykel Ammari, to turn over to the chapter 7 trustee, Stephen Shamban, by September 2, 2009 the sum of $13,894, representing his one-half share of the 2008 federal income tax refund that he and his wife had jointly received. The Debtor paid the trustee only $2,000 by the September 2 deadline, whereupon the trustee filed the present motion for contempt, asking the court to (i) compel the debtor to turn over the balance forthwith and (ii) order the debtor to pay as a further contempt sanction the fees incurred by the trustee in bringing this motion and obtaining the debtor's compliance. At a preliminary hearing on the motion, the court entered an agreed order under which the debtor is obligated to pay the trustee $2,000 per month until the turnover sum is paid in full. With respect to fees, the court ordered the trustee to file a cost and fee application, permitted the debtor to file a response, and indicated that the court would them decide whether to allow fees and, if so, the amount. The trustee did file a fee application seeking fees of $16,862.50 and expenses of $764.95; and the debtor has responded, opposing any award of fees and further challenging the amount as grossly excessive and punitive.

The Court will now deny fees as a contempt sanction because it appears that, when the debtor was ordered to turn over the tax refund, he no longer had the refund in his possession. The order of turnover had been entered on the understanding that the fund was available and capable of being turned over. The understanding, of which debtor's counsel had failed to

disabuse the court, turns out to have been false. The debtor consequently lacked the ability either to turnover the actual funds constituting the tax refund or even to repay the sum from other funds in the time required for turnover. As the debtor had no ability to comply with the court's order, his failure to do so is not contempt, and therefore no contempt sanction is appropriate.[1] A separate order will enter accordingly. The order shall be without prejudice to trustee's counsel's seeking compensation for the same fees from the estate in a final application at the close of the case.

Date: October 30, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[1] The Court need not determine whether the amount sought is excessive.